UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-095-TWP-MJD |
| | ) | |
| MR. BUTTS, Superintendent, and FRANCOM, I.A Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion to Dismiss**

**I.**

The Prison Litigation Reform Act (APLRA@) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement creates an affirmative defense and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)).

The defendants have appeared in the action and have filed a motion to dismiss asserting that the complaint was filed in violation of the PLRA requirement noted above. Their motion is not based on an affirmative defense--because they have not yet filed an answer. The motion to dismiss seems to challenge the complaint, but does so by relying on an affidavit outside the pleadings.

The motion to dismiss [Dkt. 13] is **denied** because the complaint does not show on its face that the plaintiff's claim is deficient under the PLRA and because the court is not able to act on the motion based on materials outside the pleadings.

**II.**

The defendants shall have **through June 11, 2012**, in which to file their answer to the complaint or other responsive pleading. The parties shall have **through July 7, 2012,** in which to file any further dispositive motion.

IT IS SO ORDERED.

Date: 05/15/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Hudson
120501
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel