**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CHRISTOPHER HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-095-TWP-MJD |
| | ) |
| FRANCOM, I.A. Officer, | ) |
| | ) |
| Defendant. | ) |

**ENTRY DENYING MOTION FOR SUMMARY JUDGMENT**
**AND DIRECTING FURTHER PROCEEDINGS**

At all relevant times, Christopher Hudson ("Mr. Hudson") has been incarcerated at the

Pendleton Correctional Facility (APendleton@).  Mr. Hudson alleges in his Complaint brought

pursuant to 42 U.S.C. § 1983 that defendant Internal Affairs Officer Tom Francum[1] ("Officer

Francum") violated his Eighth Amendment rights when he ordered that Mr. Hudson be placed in

a dry cell on October 22, 2011.  Mr. Hudson alleges that while in the dry cell he was denied

food, medicine, and the use of the bathroom for approximately six hours.

Officer Francum has filed a Motion for Summary Judgment (Dkt. 18) addressing both the

merits of the claim against him and his affirmative defense that Mr. Hudson failed to exhaust his

available administrative remedies prior to filing this action.  Because the matter of exhaustion

must be addressed before the merits, the Court has considered only the issue of exhaustion in

ruling on the motion for summary judgment.  *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536

(7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if

the judge resolves disputes about its application before turning to any other issue in the suit.").

---

[1] In his pleadings, Mr. Hudson has misspelled Officer Francum's name. The Court uses the correct spelling in its
Entry.

For the reasons explained in this Entry, the Motion for Summary Judgment (Dkt. 18) is **DENIED** as to the argument that Mr. Hudson failed to properly exhaust available administrative remedies prior to filing this suit.

## I.  LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*  If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute.  *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).  The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor.  *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material."  *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).  The substantive law applicable to the non-exhaustion portion of the motion for summary judgment is the Prison Litigation Reform Act ("PLRA").  The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions.  42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.* at 532 (citation omitted).

## II. DISCUSSION

### A.        Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Hudson as the non-movant, are undisputed for purposes of the motion for summary judgment.

On October 22, 2011, prison officers discovered that Mr. Hudson possessed a cell phone, which is unauthorized property.  Officer Francum was not at Pendleton on Saturday, October 22, 2011, so he was called at home to provide guidance on what to do with Mr. Hudson following the discovery of the unauthorized cell phone.  Officer Francum recommended that Mr. Hudson be placed in the dry cell pending investigation and further search of Mr. Hudson for contraband.  A "dry cell" is a temporary, short-term type of cell that is used to hold offenders while the facility decides where to house the offender on a more permanent basis.  To reduce the possibility of a loss of evidence pending an investigation and for the safety of staff and offenders, a dry cell has no mattress, sink, toilet, or other amenities.

The grievance process at Pendleton is a three-step process, including an informal complaint, a formal grievance, and a formal appeal.  Pendleton has a record of receiving only one grievance from Mr. Hudson in the year 2011, and that was filed in June of 2011.

On November 3, 2011, Mr. Hudson, through his counselor, filed a formal grievance regarding this incident with the Executive Assistant.  Mr. Hudson received no response to the grievance.  Mr. Hudson was not aware of all of the steps of the grievance process required, nor was he aware that he needed to exhaust all three steps prior to filing a lawsuit.

**B.       Analysis**

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).  "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).  "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Officer Francum urges the Court to find in his favor because Mr. Hudson admits in his Complaint and in his response to the Motion for Summary Judgment that he did not exhaust all of the steps of the grievance process.  Moreover, Officer Francum does not dispute Mr. Hudson's assertion, under penalty of perjury, that Mr. Hudson filed a grievance on November 3, 2011, to which he received no response.  Mr. Hudson has submitted what he asserts is a copy of the November 3, 2011, grievance.  That grievance alleges that pursuant to orders from Officer Francum, Mr. Hudson was placed in a dry cell on October 22, 2011.  He was kept there from 1:00 p.m. to 7:15 p.m.  The grievance further alleges that Mr. Hudson was left in full restraints, not provided access to a bathroom, denied access to his asthma inhaler, and not given a dinner meal.

The facts construed in a fashion most favorable to Mr. Hudson as the non-movant show that he did file a formal grievance but did not receive a response thereto. He was thereby thwarted in his attempt to complete the process of the grievance system at Pendleton. Under these circumstances, Officer Francum has not met his burden of showing that Mr. Hudson failed to exhaust his available administrative remedies.

For the sake of completeness, the Court also addresses Mr. Hudson's argument that the monetary relief he seeks could not be granted through the grievance process and, therefore, his failure to exhaust should be excused. This argument has been rejected. The Supreme Court has stressed that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole*, 438 F.3d at 808-09 (citations omitted).

### III. CONCLUSION

Mr. Hudson has shown that a genuine issue exists as to whether he exhausted his available administrative remedies. Accordingly, Officer Francum's Motion for Summary Judgment (Dkt. 18) is **DENIED.** The denial of the motion for summary judgment is without prejudice as to its argument on the merits of Mr. Hudson's Eighth Amendment claim.

Further, Officer Francum shall have **through April 17, 2013,** by which to report whether he wishes to withdraw his affirmative defense of failure to exhaust administrative remedies. If the affirmative defense is withdrawn, the parties will be allowed time to conduct discovery and to file any further dispositive motion.

If Officer Francum does not wish to withdraw this defense, because the issue is contested,

the Court will set the matter for a hearing on exhaustion pursuant to *Pavey v. Conley*, 544 F.3d

739 (7th Cir. 2008)[2] as required, before the merits can be addressed.

**SO ORDERED.**

Date:   03/15/2013
_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Mr. Hudson, DOC #120501
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
grant.helms@atg.in.gov

---

[2] The sequence to be followed in a Prison Litigation Reform Act case in which exhaustion of administrative remedies is contested is: (1) the district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate; (2) if the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust, or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent, and so he must be given another chance to exhaust, or the failure to exhaust was the prisoner's fault, in which event the case is over; (3) if and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits, and if there is a jury trial, the jury will make all necessary findings of fact without being bound by any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies. Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a).  *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008).